UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ABOUMRAD *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BORREGO SPRINGS FIRE PROTECTION DISTRICT,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv933-L-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITHOUT PREJUDICE**<br><br>**(ECF NO. 11)** |

　　　Pending before the Court in this collective action alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), is a Joint Stipulation for Approval of Settlement Agreement and Dismissal of Case with Prejudice (ECF No. 11, "Joint Motion"). For the reasons stated below, the Joint Motion is denied without prejudice.

　　　The action was filed pursuant to 29 U.S.C. § 216(b) by seventeen of Defendant's employees "on behalf of themselves and all similarly situated individuals." (*See* ECF No. 1, "Compl.," at 2.) They alleged Defendant used an unlawful compensation computation method which undercounted Plaintiffs' "regular rate of pay." (*Id.* at 2.) This, in turn, resulted in an alleged violation of 29 U.S.C. § 207 by underpayment for overtime. (*Id.*) Plaintiffs seek unpaid overtime with interest, an equal amount of

1

liquidated damages, and attorneys' fees as provided by 29 U.S.C. § 216(b).  (*Id.* at 13.) They also request a finding that Defendant's conduct was an intentional, knowing, and willful FLSA violation so as to entitle them to a longer statute of limitations.  (*Id.*) Finally, they request injunctive relief ordering Defendants to change their compensation policies.  (*Id.*)  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The FLSA allows for a private action against an employer for violations of 29 U.S.C. § 207 "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." *Id.*

All seventeen employees listed in the complaint filed a Consent to Be Included as an Individual Plaintiff.  (ECF No. 3, "Consent.")  With the Joint Motion, the parties request the Court to approve the Settlement Agreement and Release of Claims (ECF No. 11-3, "Settlement") between Defendant on one hand, and the Borrego Springs Firefighters Association ("Association"), Plaintiffs, and eight additional employees ("Other Employees") on the other hand.  (*See* Settlement at 1; *cf.* Consent.)  The Joint Motion requests the Court to "approve the Settlement Agreement."  (Joint Motion at 9.) "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."  *Seminiano v. Xyris Enter., Inc.*, 602 Fed. Appx. 682 (2015).

The Association is not a named party to this action.  The FLSA allows for a collective action only "on behalf of other employees." 29 U.S.C. § 216(b).  Accordingly, Plaintiffs cannot proceed on behalf of the Association.  The Court therefore lacks personal jurisdiction over the Association.  To the extent the parties seek an order that would apply to the Association's claims against Defendant, the Joint Motion is denied.

The Other Employees have signed an Acknowledgment Form attached to the Settlement.  (*See* Settlement Ex. B; *cf.* Consent.)  Because the Acknowledgment Form does not state that these employees consent to become parties to this action, it is insufficient to include them in this action.  *See* 29 U.S.C. § 216(b); *Tyson Foods, Inc. v.*

*Bouaphakeo,* 136 S.Ct. 1036, 1043 (2016); *Campbell v. Los Angeles*, 903 F.3d 1090, 1100, 1101-02, 1105 (9th Cir. 2018).  The Court therefore lacks personal jurisdiction over the Other Employees.  To the extent the parties seek an order that would apply to the Other Employees' claims against Defendant, the Joint Motion is denied.

Because FLSA claims can only be settled with court approval or approval by the Secretary of Labor, *Seminiano*, 602 Fed. Appx. 682, the Court declines to approve the Settlement unless all parties are properly before the Court.  The Joint Motion is denied without prejudice to refiling after all parties have been properly joined.

Alternatively, the Joint Motion is denied because the Court finds the release provision of the Settlement too broad.  Under Section 5, the employees are releasing, among other things, "future claims . . . or causes of action of any nature whatsoever arising from or *in any way related to*" this action.  (Emphasis added.)  "Said release shall include, but shall not be limited to, claims . . . or causes of action . . . which may *later* accrue to . . . the Parties." (Emphasis added.)  Similarly, Section 2 provides that employees are settling their FLSA claims, "including but not limited to, *any other potential wage and hour violations that could be asserted* against [Defendant]." (Emphasis added.)  These provisions suggest that the employees are releasing wage and hour claims for work to be performed in the future, although they are only receiving payment for the alleged violations "during the period of [the Settlement] from June 2016 through the Effective Date of [the Settlement]." (Settlement § 2.)  The Court is not inclined to approve a settlement with the employees releasing any claims based on work performed after the effective date of the Settlement.  *Cf.* 29 U.S.C. § 216(c).

Procedurally, should the parties choose to refile their joint motion, they must submit a proposed order as required by the Electronic Case Filing Policies and Procedures Manual § 2(f)(4) & (h).  If the parties intend to request the Court to retain

/ / / / /

jurisdiction, they must include the language provided in this Court's Standing Order for Civil Cases.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Joint Stipulation for Approval of Settlement Agreement and Dismissal of Case with Prejudice (ECF No. 11) is denied without prejudice.

2. Any renewed motion for settlement approval must be filed no later than April 2, 2021, and must address all issues discussed above.

**IT IS SO ORDERED.**

Dated: March 5, 2021

_____
Hon. M. James Lorenz
United States District Judge